UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILL GRAVES,

                        Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS;
CYNTHIA BRANN; PATSY YANG;
MARGARET EGAN,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/3/2021

1:20-CV-9416 (MKV)

ORDER TO AMEND

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Gill Graves, currently held in the Vernon C. Bain Center ("VCBC"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that the defendants are violating his federal constitutional rights by not protecting him from contracting COVID-19. He originally filed this action with 49 other VCBC prisoners. The original action was assigned to District Judge George B. Daniels and opened under docket number 1:20-CV-8407; Judge Daniels referred the matter to Magistrate Judge Stewart D. Aaron, who severed claims of the plaintiffs other than Plaintiff Michael Lee, and directed that the severed claims of the 49 other plaintiffs be opened as 49 separate civil actions. *See Lee v. Dept' of Corrs.*, ECF 1:20-CV-8407, 7 (GBD) (SDA) (S.D.N.Y. Nov. 9, 2020). This action is one of those newly opened civil actions.

      By order dated January 11, 2021, the court granted Plaintiff Graves's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff Graves leave to file a second amended complaint within sixty days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## BACKGROUND

In *Lee*, 20-CV-8407, Plaintiff Michael Lee initially sought to bring a class action on behalf of himself and other VCBC detainees, including the plaintiff in this action, Gill Graves. The plaintiffs sued the Commissioner of the New York City Department of Correction, Cynthia Brann; "Health Director Commissioner" Patsy Yang; and Board of Correction Executive Director Margaret Egan. They also may have intended to sue the New York City Department of Correction (DOC).

In the original complaint, the plaintiffs alleged that they have been forced into unsafe living conditions, including by being housed in units without appropriate capacity limitations to allow for social distancing. (ECF 2 at 5.) They also alleged that prisoners are less than "3-4 inches" apart in sleeping areas and that 50 prisoners in one housing unit share toilets, sinks, and showers. (*Id.*) They further alleged that certain detainees have contracted or been exposed to COVID-19 as a result of these conditions. (*Id.* at 7.) They sought an improvement of conditions, including a reduction in housing capacity; monetary damages; and the release of detainees who meet certain criteria. (*Id.* at 7-8.)

On November 24, 2020, Plaintiff Lee filed an amended complaint in *Lee*, 1:20-CV-8407, which Plaintiff Graves also signed. ECF 1:20-CV-8407, 14. At Magistrate Judge Aaron's direction, the amended complaint was docketed in each of the severed actions, including this one. ECF 1:20-CV-8407, 19. The amended complaint provides fewer details than the original complaint and does not specify how the defendants specifically violated any of the plaintiffs constitutional rights.

## DISCUSSION

**A.  Department of Correction**

The original and the amended complaints include the DOC in their captions. Whether Plaintiff Graves intended to sue this agency is unclear, but in any event, the claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.  Remaining Defendants**

To state a claim under 42 U.S.C. § 1983, Plaintiff Graves must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

If Plaintiff Graves was a pretrial detainee at the time of the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Regardless of whether Plaintiff Graves was a pretrial detainee or convicted prisoner, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental"

element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29-33.

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference.'" *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See*

4

*Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because the amended complaint does not contain sufficient facts to state a claim, the Court directs Plaintiff Graves to file a second amended complaint. Plaintiff Graves's second amended complaint should allege whether he is a pretrial detainee, which housing unit(s) he is or has been assigned to during the relevant time period, and the specific conditions within those units that he contends violate his constitutional rights. For example, if Plaintiff Graves asserts that the defendants failed to comply with capacity restrictions or other precautionary measures intended to prevent the spread of COVID-19, he should allege any facts suggesting that such failures resulted in a substantial risk of serious harm to him, and that the defendants were deliberately indifferent to the risk of serious harm to his safety or health. If Plaintiff Graves names individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights. Further, if Plaintiff Graves is seeking release as a remedy, he must include individualized allegations regarding the basis for such relief.

## LEAVE TO AMEND

Plaintiff Graves is granted leave to file a second amended complaint to detail his claims. First, Plaintiff Graves must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff Graves does not know the name of a defendant, he may refer to that individual as "John Doe" or

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff Graves may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff Graves needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the second amended complaint. Any defendants named in the caption must also be discussed in Plaintiff Graves's statement of claim.

"Jane Doe" in both the caption and the body of the second amended complaint.[3] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff Graves shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff Graves seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff Graves must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended complaint. Plaintiff Graves is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff Graves's second amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff Graves's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff Graves's rights and describe the injuries Plaintiff Graves suffered; and

f) state what relief Plaintiff Graves seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2020, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

Essentially, the body of Plaintiff Graves's second amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff Graves is entitled to relief. Because Plaintiff Graves's second amended complaint will completely replace, not supplement, the original and amended complaints, any facts or claims that Plaintiff Graves wishes to maintain must be included in the second amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff Graves and note service on the docket. Plaintiff Graves is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff Graves must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Second Amended Complaint," and label the document with docket number 1:20-CV-9416 (MKV). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff Graves fails to comply within the time allowed, and cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses the "Department of Corrections" from the action for failure to state a claim. *See id*.

SO ORDERED.

Dated:   February 3, 2021
         New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge